UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OWEN McCANTS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 19-11006-LTS |
| STEVEN SILVA, | ) ) ) | |
| Respondent. | ) ) | |

ORDER DISMISSING PETITION (DOC. NO. 1)

May 1, 2019

SOROKIN, J.

Owen McCants, a prisoner at the Massachusetts Correctional Institution in Norfolk, Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the petition is untimely, it is DISMISSED.

I. BACKGROUND

In May and November of 1974, juries in Suffolk County Superior Court convicted McCants of robbing and sexually assaulting three different victims. Commonwealth v. McCants, 94 N.E.3d 881, 2017 WL 5894414, at *1 (Mass. App. Ct. 2017). McCants was sentenced to ten-to-twenty years' incarceration for the November conviction, which is the focus of his federal petition.[1] Doc. No. 1 at 1; Doc. No. 1-1 at 13.

---

[1] McCants says the sentence was "F[rom] & A[fter] any other," Doc. No. 1 at 1, but a trial court decision attached to his petition suggests otherwise, see Doc. No. 1-1 at 13 (referencing ten-to-twenty-year term from November "to be served concurrently with" the May sentence). The Court need not resolve this discrepancy, as it does not alter the timeliness analysis.
    A more salient question is whether McCants is still serving the sentence he received in November 1974. Whether concurrent or consecutive to the May sentence, the maximum term of

The Massachusetts Appeals Court ("MAC") affirmed the November conviction and sentence on December 3, 1975. Commonwealth v. McCants, 337 N.E.2d 918 (Mass. App. Ct. 1975). It appears McCants sought no further direct review. 2017 WL 5894414, at *1; Doc. No. 1-1 at 10, 13. It also appears McCants took no other steps to challenge either of the 1974 judgments in any court for "[a]pproximately forty years." 2017 WL 5894414, at *1; accord Commonwealth v. McCants, 113 N.E.3d 934, 2018 WL 5931366, at *1 (Mass. App. Ct. 2018).

In 2014, McCants petitioned the state trial court for postconviction discovery pertaining to both 1974 convictions, Commonwealth v. McCants, 44 N.E.3d 896, 2016 WL 360640, at *1 (Mass. App. Ct. 2016), and filed a motion for a new trial challenging the May conviction, Doc. No. 1-1 at 10. His discovery request was denied promptly, and the MAC affirmed that denial in January 2016. 2016 WL 360640, at *1. In May 2016, McCants filed a motion for a new trial challenging the November conviction. Doc. No. 1-1 at 13.

The Superior Court denied both new-trial motions without a hearing on February 7, 2017. Id. at 9-14. The MAC affirmed the denial of both motions. 2018 WL 5931366, at *1-3 (rejecting challenges to November conviction); 2017 WL 5894414, at *1-2 (rejecting challenges to May conviction). The Supreme Judicial Court ("SJC") denied review. 481 Mass. 1104 (2019); 478 Mass. 1109 (2018).

---

years would have concluded long before 2019. The Court discerns from other published state court decisions and publicly filed pleadings in a previous civil action brought by McCants in this Court that McCants was released from prison sometime before 2000, then committed a new set of offenses (including another rape) for which he received a life sentence. Mem. Supp. Def.'s Mot. Dismiss at 2, McCants v. Hennigan, No. 12-cv-10738-LTS, ECF No. 20 (D. Mass. Feb. 14, 2013); Commonwealth v. McCants, 843 N.E.2d 721, 2006 WL 539419, at *1 (Mass. App. Ct. 2006). McCants implicitly acknowledges this, citing a state habitual offender statute in explaining whether he is serving sentences besides the one he is challenging. Doc. No. 1 at 13.

For present purposes only, the Court will assume McCants is "in custody" as a result of the November 1974 sentence, perhaps because it triggered his life sentence, though his ability to satisfy this AEDPA prerequisite is far from certain.

2

In April 2019, McCants filed his pro se federal habeas petition. Doc. No. 1 at 15. He presents seven challenges to his November 1974 conviction and sentence: 1) abuse of discretion by the state courts in denying McCants's motion for a new trial without a hearing; 2) exclusion of McCants from his own pretrial conference in violation of Massachusetts law; 3) improper admission of suggestive mugshots; 4) insufficient evidence of guilt; 5) ineffectiveness of trial and appellate counsel with respect to photo array evidence and investigation/presentation of alibi evidence; 6) prosecutorial misconduct for "cajol[ing] the jury" about "a racially mixed crime" and vouching for a "primary witness's credibility"; and 7) ineffectiveness of counsel for failure to advance a "third-party defense." Doc. No. 1-1 at 5-8.

Because the Court's screening of the petition revealed that it was hopelessly untimely, the Court did not require the respondent to answer McCants's claims. See Rule 4 foll. 28 U.S.C. § 2254 (requiring Court to "promptly examine" habeas petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on applications for writs of habeas corpus, and provides that such period "shall run from the latest of":

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Statutory tolling of the limitation period is permitted for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

McCants's conviction became final before the enactment of AEDPA,[2] so he is entitled to a "grace period," whereby the period for filing his federal claims began on AEDPA's effective date of April 24, 1996. Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999) (per curiam). As such, absent tolling or a statutory exception, McCants was required to file his federal petition on or before April 24, 1997. Id. McCants's petition, filed more than twenty years later, is therefore untimely unless he qualifies for an alternative start date for his federal limitation period or establishes the limitation period was tolled.

McCants has not identified any state action that impeded his ability to file a timely federal habeas petition, nor do any of his challenges rely on newly recognized constitutional rights. Factually, his claims rely entirely on information known to him at or near the time of his trial and direct appeal. His petition, therefore, does not trigger a start date for his federal limitation period other than AEDPA's effective date. See § 2244(d)(1)(B)-(D).

Moreover, McCants has not established that his limitation period was subject to statutory tolling. The decisions resolving his motions for discovery and a new trial reveal that McCants

---

[2] McCants's judgment of sentence likely was final by the end of 1975, when the period for seeking review in the SJC on direct appeal expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that if direct review is not pursued through each level of the state courts, a judgment becomes final when the time for seeking the relevant level of appellate review expires); Mass. R. App. P. 27.1 (reflecting in Reporter's Notes that in 1975 party wishing to seek review in SJC had twenty days to do so following rescript by MAC). The Court need not establish the precise date, as it plainly was final long before the enactment of AEDPA.

pursued no post-conviction challenges to his November conviction until 2014 at the earliest, long after his federal limitation period had expired. See Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (concluding the statutory tolling provision is "no help" to petitioner where the relevant state filing occurred after the expiration of the one-year federal limitation period).

The only remaining avenue for saving McCants's untimely petition from dismissal is an appeal to this Court's equitable discretion to toll the limitation period or apply an exception to it. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[E]quitable tolling 'is the exception rather than the rule.'" Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (quoting Delaney, 264 F.3d at 14). As the petitioner, McCants "bears the burden of establishing a basis for equitable tolling." Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007).

There is nothing in the record to suggest that McCants was justified in waiting until four decades after his conviction before challenging it in state court, and two decades years after the expiration of his federal limitations period before pursuing the claims now pending in this Court.[3] Because McCants does not acknowledge that his federal claims are untimely,[4] he offers no excuse, let alone a legally significant one, for the extreme tardiness of his petition. Cf. Trapp, 479 F.3d at 60 ("In applying the equitable tolling doctrine, an important factor is the reason for

---

[3] It appears McCants elected not to challenge his 1974 convictions until after he served his sentence, committed another crime, and realized that the prior convictions would trigger a life sentence in the new case. This choice prevents McCants from establishing the diligence required to merit equitable tolling.

[4] McCants's belief that his conviction was not final until his new trial motion was resolved, Doc. No. 1 at 13, is wrong as a matter of law.

5

the late filing."). Under these circumstances, McCants has not satisfied his burden of demonstrating that he was reasonably diligent or that extraordinary circumstances warrant invocation of the doctrine of equitable tolling.

In some claims, McCants references his "rock-solid alibi" and suggests "he is not guilty beyond a reasonable doubt, [and] that, in fact, he is innocent." Doc. No. 1-1 at 5, 8. The Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may" overcome an expired federal statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). It has cautioned, however, "that tenable actual-innocence gateway pleas are rare," admonishing that "[t]he gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. at 386, 401 (quotation marks omitted). McCants has presented no such evidence.

III. CONCLUSION

For the foregoing reasons, McCants's untimely federal habeas petition (Doc. No. 1) is DISMISSED with prejudice.[5]

                                      SO ORDERED.

                                      /s/ Leo T. Sorokin
                                      United States District Judge

---

[5] Because "reasonable jurists" could not "debate whether . . . the petition should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000), and based on the circumstances described above, no certificate of appealability shall issue. The considerable untimeliness of McCants's petition permits no disposition besides dismissal.

6